PER CURIAM.
This matter is before the Court on Petition for Approval of Conditional Guilty Plea and Entry of Final Order of Discipline.
The Complaint filed by The Florida Bar pursuant to Article XI of the Integration Rule of The Florida Bar alleges as follows:
“COUNT I
1. The Respondent, Louis C. Rosetti, Jr., is, and at all times hereinafter mentioned was, a member of The Florida Bar, subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
2. This Complaint is filed by The Florida Bar, by direction of its Board of Governors, and all conditions prerequisite to the filing of said Complaint, required by the Integration Rule have been fulfilled.
3. The Respondent was retained by the executrix, Dorothy Jean Flinn, to represent the estate of her deceased husband, Carl N. Flinn, who died on February 13, 1971.
4. Probate of the estate was begun on July 15, 1971.
'5. The Last Will and Testament of the decedent established a trust for the benefit of decedent’s mother, Mrs. Lola Le-bowsky.
6. Since the Ohio Citizens Trust Company of Toledo, Ohio, named in the will as trustee, had declined on June 19, 1975, to act as such, a petition for substitute trustee and accounting was filed on June 30, 1975, by Mr. Alfred Winn, attorney for the guardian of the beneficiary of the trust.
7. A responsive pleading by the Respondent, as attorney for the estate, was required, but no such pleading was ever filed by Respondent.
8. Furthermore, when Respondent delivered his file to new counsel, he failed to include a copy of the petition for substitute trustee, and he failed to notify new counsel of the pendency of the petition.
COUNT II
9. Complainant realleges the allegations contained in Paragraphs 1-4 of Count I.
10. Respondent failed to file federal estate tax returns for the estate of Carl N. Flinn as required by law.
11. The estate will be penalized due to Respondent’s failure to file the necessary federal estate tax returns.
COUNT III
12. Complainant realleges the allegations contained in Counts I and II.
13. After he was dismissed by the executrix on or about January 1, 1975, Respondent received repeated requests for *1075 the ease file from the estate’s present attorney, Mr. W. K. Zewadski.
14. Respondent failed to act upon these requests for approximately seven or eight months.
15. Under the foregoing allegations contained in Counts I, II and III, Respondent has been delinquent in the administration and the handling of this estate, has caused damage to the estate, and therefore, has violated Disciplinary Rules 7-101(A)(2), 7-101(A)(3), and 6-101(A)(3).”
Thereafter, Respondent tendered his Conditional Guilty Plea pursuant to Article XI, Rule 11.13(6) of the Integration Rule of The Florida Bar in exchange for disciplinary measures which are hereby approved as follows:
“1. The Respondent shall be suspended from the practice of law for a period of thirty (30) days, effective December 1, 1976;
2.Thereafter, the Respondent shall be placed on probation for a period of three (3) years. During the period of probation, the Respondent shall file with the Clerk of the Supreme Court, copies of which shall be provided Staff Counsel for the Florida Bar, a quarterly case load report outlining the current status of cases which Respondent has agreed to undertake on behalf of clients. This report should include information as to cases disposed of during the quarter. Such reports will be confidential in nature and Respondent may include therein such additional information as he deems relevant to an evaluation by the Court of his prompt and diligent prosecution of his case load;
3. That Respondent shall repay to Dorothy Jean Flinn the sum of Two Thousand Eight Hundred Forty-Eight and 67/iooths ($2,848.67) Dollars representing a portion of the fee previously paid Respondent by Mrs. Flinn;
4. Respondent shall agree to reimburse Mrs. Dorothy Jean Flinn for any costs, penalties, or interest, that she may incur as a result of Respondent’s failure to timely file the Federal Estate Tax Return in the Estate of Carl N. Flinn, deceased.”
Costs in the amount of One Hundred Ninety-One Dollars and Thirty Cénts ($191.30) are hereby taxed against Respondent, said sum to be paid within thirty (30) days from this date.
It is so ordered.
OVERTON, C. J., and ROBERTS, ADKINS, BOYD and ENGLAND, JJ., concur.